IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE
OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

JOSE I. LOPEZ, M.D.,
JOSE IGNACIO LOPEZ, MD., PA

      Plaintiff,

                                            CASE NO:

VS.

UNITEDHEALTH GROUP, INC.,
UNITEDHEALTHCARE CORP., and
OPTUMRX, INC.
Foreign corporations

      Defendants.
_____/

## PLAINTIFFS' COMPLAINT FOR DAMAGES

The Plaintiffs, Jose I. Lopez, M.D. and Jose Ignacio Lopez, MD. PA, by and through undersigned attorneys, sues the Defendants, UnitedHealthCare Corp., UnitedHealth Group, Inc., and OPTUMRx, Inc., and states as follows:

### NATURE OF THE CASE

1.     This is a claim for defamation brought by Plaintiffs, Jose I. Lopez, M.D. and Jose Ignacio Lopez, MD., PA (hereinafter referred to collectively as "Plaintiffs") against Defendants, UnitedHealthCare Corp, UnitedHealth Group Inc., and OPTUMRx, Inc.

2.     Plaintiffs seek damages in excess of Fifteen Thousand Dollars ($15,000.00) for the defamatory statements made by the Defendants concerning Dr. Lopez's license to practice medicine.

## JURISDICTION AND VENUE

3.      Plaintiff, Jose I. Lopez, M.D. is now and was at all times material a medical doctor licensed to practice in the State of Florida with his office and residence in Hillsborough County, Florida.

4.      Plaintiff, Jose Ignacio Lopez, MD. PA is now and was at all times material a Florida, for-profit corporation operating in Hillsborough County, Florida.   Jose I. Lopez, MD holds 100 percent ownership interest in the corporation and is the only officer and director of the corporation.

5.      Defendant, UnitedHealthCare, Corp. was at all times material a foreign for-profit corporation qualified to conduct business in the state of Florida, and which conducts business in the state of Florida.

6.      Defendant, UnitedHealth Group, Inc. was at all times material a foreign for-profit corporation qualified to conduct business in the state of Florida, and which conducts business in the state of Florida.

7.      Defendant, OPTUMRx, Inc., was at all times material a foreign profit corporation qualified to conduct business in the state of Florida, and which conducts business in the state of Florida.

8.      This Court has jurisdiction pursuant to Article V, Section 5(b), Florida Constitution, and Fla. Stat. § 26.012(2).

9.      Venue is proper in Hillsborough County under Fla. Stat. § 47.011, because the cause of action accrued in Hillsborough County, where defamatory statements were distributed. *See Achievers Unlimited, Inc. v. Nutri Herb, Inc.*, 710 So.2d 716, 719 (Fla. 4th DCA 1998) ("the tort of libel occurs wherever the offending material is circulated").

2

10.     In addition, venue is proper under Fla. Stat. § 47.051, because Hillsborough County is a "county where such [the corporate defendants] has, or usually keeps, an office for transaction of its customary business, [and is] where the cause of action accrued . . . ."

## THE PARTIES

11.     Plaintiff, Jose I. Lopez, M.D., is a medical doctor specializing in the area of internal medicine. He has held his medical license since 2001.

12.     Plaintiff, Jose Ignacio Lopez, MD. PA, is a Florida corporation which offers medical care and treatment to patients and which employs Jose I. Lopez, M.D.

13.     Dr. Lopez is board certified in internal medicine.

14.     Dr. Lopez's medical license has never been suspended, sanctioned, or revoked.

15.     At all times material, Dr. Lopez enjoyed a good name and good reputation both personally and in his occupation as a physician.

16.     Defendant, UnitedHealth Group, Inc. is a health care company that offers health benefits and health services through its subsidiaries, UnitedHealthCare Corp. and OPTUMRx, Inc.

17.     UnitedHealth Group, Inc. is a diversified managed health care company offering products and services through UnitedHealthCare Corp. and Optum, which includes OPTUMRx, a pharmacy benefit manager.

18.     Defendant, UnitedHealthCare Corp. provides network-based health care benefits to individuals and employers, and is a subsidiary of UnitedHealth Group, Inc.

19.     OPTUMRx, Inc. is a subsidiary of UnitedHealth Group, Inc. and provides pharmacy benefit management services to its customers.

20.     Dr. Lopez was a member of UnitedHealthCare Corp. and OPTUMRx, Inc.'s provider and network plan from 2004 up until December 31, 2013.

21.     On or about August 12, 2013, UnitedHealthCare Corp. discontinued Dr. Lopez's participation in their network, to be effective January 1, 2014. Upon information and belief, Defendants discontinued his participation because they negligently and recklessly misidentified him with a different Jose Lopez, who was sanctioned in October, 2003, and is no longer permitted to write prescriptions for Medicare recipients.

22.     Dr. Lopez has exhausted all administrative remedies in appealing the discontinuation of his participation in the United Healthcare plan.

### DEFAMATORY STATEMENTS TO PHARMACIES

23.     Around December, 2013, a patient informed Dr. Lopez that a pharmacist would no longer fill prescriptions for the patient because Dr. Lopez had been sanctioned and was excluded under the patient's UnitedHealthcare plan. Dr. Lopez contacted the pharmacist to inquire into the situation. The pharmacist provided Dr. Lopez with a written message received from Defendants, which stated that Defendants would not cover prescriptions ordered by Dr. Lopez because he was a sanctioned prescriber of Medicare. A true and correct copy of one of these messages is attached as Exhibit "A".

24.     Dozens of Plaintiffs' patients were told the same false information about Dr. Lopez, and were given the false impression that they were unable to have their medications filled because Dr. Lopez had been sanctioned, and was precluded from prescribing medications. The patients complained to Dr. Lopez and to Jose Ignacio Lopez MD, PA, that they were out of their medication and were unable to have their prescriptions filled because Dr. Lopez had been sanctioned.

25.     Immediately upon learning of the false information being made by Defendants', Dr. Lopez called Defendants to rectify the situation. Defendants ignored Dr. Lopez and failed to conduct an investigation into the matter in a reasonable time frame, or otherwise remedy their defamatory statements in a reasonable time frame.

4

26. Over the next five months, Dr. Lopez spent dozens of hours making phone calls to Defendants in an effort to remedy the false, defamatory information that was being provided to patients and to pharmacists. Defendants gave him the run around and ignored his requests until finally, Dr. Lopez was forced to retain the undersigned counsel.

### THE DEFAMATORY LETTER

27. Despite the Defendants being informed that they had mistaken Dr. Lopez with the wrong person, from around May 7th, 2014 through May 15, 2014, Defendants sent letters to at least 110 patients of Plaintiffs, falsely stating that Defendants could no longer cover medications prescribed by Dr. Lopez because he had been excluded from participation in all federal health care programs as of 10/20/2003, including the Medicare program. Defendants sent these letters at a time when they knew or should have known that the information contained in the letters was incorrect, because Dr. Lopez had told them on numerous occasions, personally and through counsel, that he had never been sanctioned by any regulatory body, state or federal. A true and correct copy of one defamatory letter is attached as Exhibit "B".

28. The letters falsely imply and/or infer to Plaintiffs' patients and potential patients, as well as colleagues of Plaintiffs, that Dr. Lopez is an unfit physician who was sanctioned for improper conduct, which also implied that Jose Ignacio Lopez MD, PA was employing an unfit physician.

29. In the letters, Defendants directed Plaintiffs' patients to the U.S. Department of Health and Human Services' Office of Inspector General (OIG) website for additional information.

30. A simple review of the website referenced by Defendants in their letters reflects that Plaintiff, Dr. Jose I. Lopez, was not excluded from Medicare coverage and was never sanctioned. Rather, it was a dentist by the name of Dr. Jose A. Lopez from an entirely different city, Hialeah Florida, who had been sanctioned and excluded from Medicare since October 20, 2003. This

5

information was readily available to Defendants, and had they made the simple elementary effort of verifying whether they were identifying the correct Dr. Jose Lopez they could have remedied the situation and avoided the damages sustained by Plaintiffs.

31.     Additionally, the false information contained in the letters could have easily been discovered by Defendants had they simply verified and cross-referenced the Social Security number, NPI number, or EIN number of Dr. Lopez to the name of the dentist who was sanctioned, as there are several individuals by the name of Jose Lopez practicing medicine in the State of Florida.

32.     Instead, even after being placed on notice of their inaccurate statements on numerous occasions, Defendants recklessly mailed the defamatory letters to Plaintiffs' patients. Despite Defendants' knowledge that Plaintiff had never been sanctioned, and that they had misidentified him with the incorrect Dr. Jose Lopez, Defendants did not send out a retraction letter until after Plaintiffs were forced to retain the undersigned counsel. Even then, Defendants only sent the initial retraction letter to 16 of the 110 patients who had received the defamatory letter.

33.     The numerous patients who did not receive a retraction letter called the number recommended by Defendants in the defamatory letter.  Representatives of Defendants falsely told these patients that the information in the letter was accurate and that the patients could not get their medications filled if such medications were ordered by Plaintiff, Dr. Lopez. Representatives of Defendants made these statements despite Defendants being notified that such information was false. Such statements were, at a minimum, made with reckless disregard.

34.     The undersigned provided Defendants with a cease and desist letter on May 23, 2014, via certified mail, informing Defendants yet again that they had provided false information to the patients of Plaintiffs. A true and correct copy of the letter is attached as Exhibit "C".  Still, Defendants continued to defame Plaintiffs through the end of May, 2014, by telling patients that Dr. Lopez was sanctioned and excluded from Medicare coverage.

35. The false statements by Defendants injured Plaintiffs' business reputation and occupation, livelihood, and subjected Dr. Lopez to ridicule and contempt, and caused Plaintiffs to suffer pecuniary loss.

36. Additionally, because Defendants were excluding, Plaintiff, Dr. Lopez, from being a provider of their provider network plan, Plaintiffs lost potential new patients and revenue.

## COUNT I- LIBEL PER SE
### (as to Defendant, UNITEDHEALTH GROUP, INC.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

37. At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care, and has been in good standing with the governing authorities of medical doctors and the practice of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

38. Defendant, UnitedHealth Group, Inc., made defamatory statements about Plaintiffs by providing letters to third parties which contained false information that Dr. Lopez was sanctioned and not a covered physician under federal healthcare programs, including Medicare. The defamatory statements written by Defendants were not privileged. These false statements were imputed to Plaintiff, Jose Ignacio Lopez, MD, PA.

39. The false statements written by Defendant constitute libel per se, because when considered alone, without innuendo, such false statements tend to subject Dr. Lopez to hatred, distrust, ridicule, contempt, or disgrace, and injure his trade or profession, and impute conduct to Jose Ignacio Lopez, MD PA which is incompatible with the proper exercise of its lawful business.

40. In making the false and defamatory statements about Plaintiffs' profession, Defendant's statements were malicious as a matter of law.

7

41.     By inference of law, Defendant's malicious statements were therefore the source of the legal injury that naturally, proximately, and necessarily resulted in the injuries suffered by Plaintiffs

42.     As a direct and proximate result of Defendant's false and defamatory statements, Plaintiff, Dr. Lopez, suffered injury to his reputation, trade, office and profession as a physician, as well as great upset, shock, mental and emotional distress. Plaintiff, Dr. Lopez, also suffered shame, humiliation, and embarrassment. Plaintiff, Jose Ignacio Lopez MD., PA suffered substantial damages, including but not limited to pecuniary loss and injury to its reputation. These results were reasonably foreseeable to Defendant at the time the statements were made to third persons.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant, UnitedHealth Group, Inc., for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiffs intend to seek leave to amend the Complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## COUNT II—LIBEL
### (as to Defendant, UNITEDHEALTH GROUP, INC.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

43.     At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care, and has been in good standing with the governing boards of medicine. Plaintiff, Dr. Lopez, has never been sanctioned and his license has never been revoked or suspended.

44.     Defendant, UnitedHealth Group, Inc., made and published letters to third persons which contained false and defamatory statements about Plaintiffs.  Defendant also made and published statements to pharmacies, which contained false and defamatory statements about Plaintiff, Dr. Lopez. These false statements were imputed to Plaintiff, Jose Ignacio Lopez MD, PA.

45.     Defendant published the defamatory statements intentionally or negligently, without reasonable care as to the truth or falsity of such statements. The statements were published by Defendant with knowledge that the statements were false, or with reckless disregard as to whether the statements were false or not.

46.     The statements made and published were false, intended to degrade and injure Plaintiffs' good name and reputation, and exposed Plaintiffs to distrust and ridicule.

47.     As a result of the Defendant's false, defamatory statements, Plaintiffs have been injured in their business and occupation and has suffered, and will continue to suffer, shame, humiliation, mental and emotional anguish, mental and emotional distress, pecuniary damages, and embarrassment.  The false and defamatory statements made to third parties resulted in actual damages to Plaintiffs.

48.     Defendant's statements were not privileged.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant, UnitedHealth Group, Inc., for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper.  Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

### COUNT III— SLANDER PER SE
### (as to Defendant, UNITEDHEALTH GROUP, INC.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

49.     At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care and has been in good standing with the governing boards of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

9

50. Defendant made false statements about Dr. Lopez by telling third parties that he was sanctioned, and not a covered physician under federal healthcare programs including Medicare. The defamatory statements made by Defendant were not privileged. These false statements were imputed to Plaintiff, Jose Ignacio Lopez MD. PA.

51. The false statements made by Defendant constitute slander per se, because when considered alone, without innuendo, such false statements tend to subject Plaintiffs to hatred, distrust, ridicule, contempt, or disgrace, and injure their trade or profession and impute conduct incompatible with the proper exercise of Plaintiffs' lawful business.

52. In making the false and defamatory statements about Plaintiffs' profession, Defendant's statements were malicious as a matter of law.

53. By inference of law, Defendant's malicious statements were the source that naturally, proximately, and necessarily resulted in the injuries and damages suffered by Plaintiffs.

54. As a direct and proximate result of Defendant's false and defamatory statements, Plaintiff, Jose Lopez, MD suffered injury to his reputation, trade, office and profession as a physician, as well as great upset, shock, mental and emotional distress. Plaintiff also suffered shame, humiliation, and embarrassment. Plaintiff, Jose Ignacio Lopez MD., PA suffered substantial damages, including but not limited to pecuniary loss and injury to its reputation. These results were reasonably foreseeable to Defendant at the time the statements were made.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant, UnitedHealth Group, Inc., for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## COUNT IV – SLANDER
### (as to Defendant, UNITEDHEALTH GROUP, INC.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

55.     At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care and has been in good standing with the governing boards of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

56.     Defendant made defamatory statements to third persons including, but not limited to, patients of Plaintiffs.  These false statements were imputed to Plaintiff, Jose Ignacio Lopez MD, PA.

57.     Defendant made the defamatory statements intentionally or negligently, without reasonable care as to the truth or falsity of such statements. The statements were made by Defendant with knowledge that the statements were false, or with reckless disregard as to whether the statements were false or not.

58.     The statements made were false, intended to degrade and injure Plaintiffs' good name and reputation, and exposed Plaintiffs to distrust and ridicule.

59.     As a result of the Defendant's false, defamatory statements, Plaintiffs have been injured in their business and occupation and has suffered, and will continue to suffer, shame, humiliation, mental and emotional anguish, mental and emotional distress, embarrassment, and pecuniary loss

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant, UnitedHealth Group, Inc., for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper.  Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## COUNT V—NEGLIGENCE
## (By Plaintiff, Jose Lopez, MD against to Defendant, UNITEDHEALTH GROUP, INC.)

Plaintiff realleges the allegations of Paragraphs 1 through 36 as if fully set forth herein.

60.     Defendant, UnitedHealth Group, Inc., owed a duty to Plaintiff, who was a provider under its plan, to only provide accurate information to their members and other providers about Plaintiff.

61.     Defendant breached its duty by:

a) Negligently and recklessly misidentifying Plaintiff, Dr. Jose I. Lopez, as a dentist with a different middle initial, from a different city, who was sanctioned as far back as 2003.

b) Failing to cross reference and verify Plaintiff, Dr. Lopez's Social Security number or EIN number to determine whether Plaintiff was in fact sanctioned or excluded from Medicare.

c) Providing false and inaccurate information about Dr. Lopez to third parties, including patients, pharmacies, and colleagues.

d) Failing to verify whether Dr. Lopez was in fact sanctioned or otherwise excluded from Medicare coverage and/or federal health care programs.

e) Failing to reasonably investigate or take reasonable action once Defendant became notified that such information was inaccurate.

f) Failing to have in place adequate policies and procedures pertaining to the disclosure of sanctioned physicians and remedying inaccurate disclosures.

g) Failing to ensure the information received by their vendors of choice, who conducted background information on their member providers, was accurate.

As a result of Defendant's breaches, Defendant proximately caused injury to Plaintiff.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendant, UnitedHealth Group, Inc., for general and special damages, compensatory damages, interest, and costs, and such other relief as this Court deems just and proper. Plaintiff intends to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## COUNT VI- LIBEL PER SE
### (as to Defendant, UNITEDHEALTHCARE CORP.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

62.     At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care, and has been in good standing with the governing authorities of medical doctors and the practice of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

63.     Defendant, UnitedHealthCare Corp., made defamatory statements about Plaintiffs by providing letters to third parties which contained false information that Dr. Lopez was sanctioned and not a covered physician under federal healthcare programs, including Medicare. The defamatory statements written by Defendant were not privileged.

64.     The false statements written by Defendant constitute libel per se, because when considered alone, without innuendo, such false statements tend to subject Dr. Lopez to hatred, distrust, ridicule, contempt, or disgrace, and injure his trade or profession, and impute conduct to Jose I Lopez, MD, PA which is incompatible with the proper exercise of its lawful business.

65.     In making the false and defamatory statements about Plaintiff's profession, Defendant's statements were malicious as a matter of law.

66.     By inference of law, Defendant's malicious statements were therefore the source of the legal injury that naturally, proximately, and necessarily resulted in the injury suffered by Plaintiff, Dr. Lopez.

67. As a direct and proximate result of Defendant's false and defamatory statements, Plaintiff, Dr. Lopez, suffered injury to his reputation, trade, office and profession as a physician, as well as great upset, shock, mental and emotional distress. Plaintiff, Dr. Lopez, also suffered shame, humiliation, and embarrassment. Plaintiff, Jose Ignacio Lopez MD, PA suffered substantial damages, including but not limited to pecuniary loss and injury to its reputation. These results were reasonably foreseeable to Defendant at the time the statements were made to third persons.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant, UnitedHealthCare Corp., for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiff intends to seek leave to amend the Complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

**COUNT VII—LIBEL**
**(as to Defendant, UNITEDHEALTHCARE CORP.)**

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

68. At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care, and has been in good standing with the governing boards of medicine. Plaintiff, Dr. Lopez, has never been sanctioned and his license has never been revoked or suspended.

69. Defendant, UnitedHealthCare Corp., made and published letters to third persons which contained false and defamatory statements about Plaintiff. Defendant also made and published statements to pharmacies, which contained false and defamatory statements about Plaintiff, Dr. Lopez. These false statements were imputed to Plaintiff, Jose Ignacio Lopez MD, PA.

70. Defendant published the defamatory statements intentionally or negligently, without reasonable care as to the truth or falsity of such statements. The statements were published by

Defendant with knowledge that the statements were false, or with reckless disregard as to whether the statements were false or not.

71.     The statements made and published were false, intended to degrade and injure Plaintiffs' good name and reputation, and exposed Plaintiffs to distrust and ridicule.

72.     As a result of the Defendant's false, defamatory statements, Plaintiffs have been injured in their business and occupation and have suffered, and will continue to suffer, shame, humiliation, mental and emotional anguish, mental and emotional distress, and embarrassment. The false and defamatory statements made to third parties resulted in actual damages to Plaintiffs.

73.     Defendant's statements were not privileged.

WHEREFORE, Plaintiffs prays this Court to enter judgment against · Defendant, UnitedHealthCare Corp., for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

### COUNT VIII— SLANDER PER SE
### (as to Defendant, UNITEDHEALTHCARE CORP.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

74.     At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care and has been in good standing with the governing boards of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

75.     Defendant, UnitedHealthCare Corp., made false statements about Dr. Lopez by telling third parties that he was sanctioned, and not a covered physician under federal healthcare programs including Medicare. The defamatory statements made by Defendant were not privileged.

76.     The false statements made by Defendant constitute slander per se, because when considered alone, without innuendo, such false statements tend to subject Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, and injure his trade or profession. These false statements were imputed to Plaintiff, Jose Ignacio Lopez MD, PA.

77.     In making the false and defamatory statements about Plaintiffs' profession, Defendant's statements were malicious as a matter of law.

78.     By inference of law, Defendant's malicious statements were the source that naturally, proximately, and necessarily resulted in the injuries and damages suffered by Plaintiff.

79.     As a direct and proximate result of Defendant's false and defamatory statements, Plaintiff, Jose Lopez, MD suffered injury to his reputation, trade, office and profession as a physician, as well as great upset, shock, mental and emotional distress.  Plaintiff, Jose Lopez, MD also suffered shame, humiliation, and embarrassment. Plaintiff, Jose Ignacio Lopez MD, PA suffered substantial damages, including but not limited to pecuniary loss and injury to its reputation. These results were reasonably foreseeable to Defendant at the time the statements were made.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant, UnitedHealthCare Corp., for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

### COUNT IX – SLANDER
### (as to Defendant, UNITEDHEALTHCARE CORP.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

80.     At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care and has been in good standing with the

governing boards of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

81.    Defendant, UnitedHealthCare Corp., made defamatory statements to third persons including, but not limited to, patients of Plaintiffs. These false statements were imputed to Plaintiff, Jose I. Lopez, MD, PA.

82.    Defendant made the defamatory statements intentionally or negligently, without reasonable care as to the truth or falsity of such statements. The statements were made by Defendant with knowledge that the statements were false, or with reckless disregard as to whether the statements were false or not.

83.    The statements made were false, intended to degrade and injure Plaintiffs' good name and reputation, and exposed him to distrust and ridicule.

84.    As a result of the Defendant's false, defamatory statements, Plaintiffs have been injured in their business and occupation and have suffered, and will continue to suffer, shame, humiliation, mental and emotional anguish, mental and emotional distress, and embarrassment, and pecuniary loss.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant, UnitedHealthCare Corp., for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## COUNT X—NEGLIGENCE
### (by Plaintiff, Jose Lopez, MD against Defendant, UNITEDHEALTHCARE CORP.)

Plaintiff realleges the allegations of Paragraphs 1 through 36 as if fully set forth herein.

85.      Defendant, UnitedHealthCare Corp., owed a duty to Plaintiff, Dr. Jose Lopez, who was a provider under its plan, to only provide accurate information to their members and other providers about Plaintiff.

86.      Defendant breached its duty by:

      a) Negligently and recklessly misidentifying Plaintiff as a dentist with a different middle initial, from a different city, who was sanctioned as far back as 2003.

      b) Failing to cross reference and verify Plaintiff's Social Security number or EIN number to determine whether Plaintiff was in fact sanctioned or excluded from Medicare.

      c) Providing false and inaccurate information about Plaintiff to third parties, including patients, pharmacies, and colleagues.

      d) Failing to verify whether Plaintiff was in fact sanctioned or otherwise excluded from Medicare coverage and/or federal health care programs.

      e) Failing to reasonably investigate or take action in a reasonable manner once Defendant became notified that such information was inaccurate.

      f) Failing to have in place adequate policies and procedures pertaining to the disclosure of sanctioned physicians or remedying inaccurate information.

      g) Failing to ensure the information received by their vendors of choice, who conducted background information on their member providers, was accurate.

As a result of Defendant's breaches, Defendant proximately caused injury to Plaintiff.

WHEREFORE, this Plaintiff prays this Court to enter judgment against Defendant, UnitedHealthCare Corp., for general and special damages, compensatory damages, interest, and

costs, and such other relief as this Court deems just and proper. Plaintiff intends to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## COUNT XI- LIBEL PER SE
### (as to Defendant, OPTUMRX, INC.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

87.     At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care, and has been in good standing with the governing authorities of medical doctors and the practice of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

88.     Defendant made defamatory statements about Plaintiffs by providing letters to third parties which contained false information that Dr. Lopez was sanctioned and not a covered physician under federal healthcare programs, including Medicare. The defamatory statements written by Defendant was not privileged.   These false statements were imputed to Plaintiff, Jose Ignacio Lopez MD, PA.

89.     The false statements written by Defendant constitutes libel per se, because when considered alone, without innuendo, such false statements tend to subject Dr. Lopez to hatred, distrust, ridicule, contempt, or disgrace, and injure his trade or profession and impute conduct to Jose Ignacio Lopez MD., PA which is incompatible with the proper exercise of its lawful business.

90.     In making the false and defamatory statements about Plaintiffs' profession, Defendant's statements were malicious as a matter of law.

91.     By inference of law, Defendant's malicious statements were therefore the source of the legal injury that naturally, proximately, and necessarily resulted in the injury suffered by Plaintiffs.

92.     As a direct and proximate result of Defendant's false and defamatory statements, Plaintiff, Dr. Lopez, suffered injury to his reputation, trade, office and profession as a physician, as well as great upset, shock, mental and emotional distress and pecuniary loss.  Plaintiff, Dr. Lopez,

also suffered shame, humiliation, and embarrassment. Plaintiff, Jose Ignacio Lopez MD, PA suffered substantial damages, including but not limited to pecuniary loss and injury to its reputation. These results were reasonably foreseeable to Defendant at the time the statements were made to third persons.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiffs intend to seek leave to amend the Complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

### COUNT XII—LIBEL
### (as to Defendant, OPTUMRX, INC.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

93.     At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care, and has been in good standing with the governing boards of medicine. Plaintiff, Dr. Lopez, has never been sanctioned and his license has never been revoked or suspended.

94.     Defendant made and published letters to third persons which contained false and defamatory statements about Plaintiff.   Defendant also made and published statements to pharmacies, which contained false and defamatory statements about Plaintiff, Dr. Lopez. These false statements were imputed to Plaintiff, Jose I. Lopez MD, PA.

95.     Defendant published the defamatory statements intentionally or negligently, without reasonable care as to the truth or falsity of such statements. The statements were published by Defendant with knowledge that the statements were false, or with reckless disregard as to whether the statements were false or not.

96.     The statements made and published were false, intended to degrade and injure Plaintiffs' good name and reputation, and exposed Plaintiffs to distrust and ridicule.

97.    As a result of the Defendant's false, defamatory statements, Plaintiffs have been injured in their business and occupation and have suffered, and will continue to suffer, shame, humiliation, mental and emotional anguish, mental and emotional distress, embarrassment and pecuniary loss.   The false and defamatory statements made to third parties resulted in actual damages to Plaintiffs.

98.    Defendant's statements were not privileged.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper.   Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

### COUNT XIII— SLANDER PER SE
### (as to Defendant, OPTUMRX, INC.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

99.    At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care and has been in good standing with the governing boards of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

100.    Defendant made false statements about Dr. Lopez by telling third parties that he was sanctioned, and not a covered physician under federal healthcare programs including Medicare. The defamatory statements made by Defendant were not privileged.   These false statements were imputed to Plaintiff, Jose I. Lopez MD, PA.

101.    The false statements made by Defendant constitutes slander per se, because when considered alone, without innuendo, such false statements tend to subject Plaintiffs to hatred, distrust, ridicule, contempt, or disgrace, and injure Plaintiffs' trade or profession.

102.    In making the false and defamatory statements about Plaintiffs' profession, Defendant's statements were malicious as a matter of law.

103.    By inference of law, Defendant's malicious statements were the source that naturally, proximately, and necessarily resulted in the injuries and damages suffered by Plaintiffs.

104.    As a direct and proximate result of Defendant's' false and defamatory statements, Plaintiff, Jose Lopez, MD suffered injury to his reputation, trade, office and profession as a physician, as well as great upset, shock, mental and emotional distress, and pecuniary loss. Plaintiffs also suffered shame, humiliation, and embarrassment. Plaintiff, Jose I. Lopez MD, PA suffered substantial damages, including but not limited to pecuniary loss and injury to its reputation. These results were reasonably foreseeable to Defendant at the time the statements were made.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## COUNT XV – SLANDER
### (as to Defendant, OPTUMRX, INC.)

Plaintiffs reallege the allegations of Paragraphs 1 through 36 as if fully set forth herein.

105.    At all times material to this Complaint, Plaintiff, Dr. Lopez, conducted his medical practice within the appropriate standard of medical care and has been in good standing with the governing boards of medicine. Plaintiff has never been sanctioned and his license has never been revoked or suspended.

106.    Defendant made defamatory statements to third persons including, but not limited to, patients of Plaintiffs. These false statements were imputed to Plaintiff, Jose I. Lopez, MD, PA.

107.    Defendant made the defamatory statements intentionally or negligently, without reasonable care as to the truth or falsity of such statements. The statements were made by

Defendant with knowledge that the statements were false, or with reckless disregard as to whether the statements were false or not.

108.    The statements made were false, intended to degrade and injure Plaintiffs' good name and reputation, and exposed Plaintiffs to distrust and ridicule.

109.    As a result of the Defendant's false, defamatory statements, Plaintiffs have been injured in Plaintiffs' business and occupation, and have suffered and will continue to suffer, shame, humiliation, mental and emotional anguish, mental and emotional distress, pecuniary loss and embarrassment.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendant for general and special damages, compensatory damages, attorney's fees, interest, and costs, and such other relief as this Court deems just and proper. Plaintiffs intend to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## COUNT XV—NEGLIGENCE
### (Plaintiff, Jose Lopez, MD against to Defendant, OPTUMRX, INC.)

Plaintiff realleges the allegations of Paragraphs 1 through 36 as if fully set forth herein.

110.    Defendants owed a duty to Plaintiff, Jose Lopez, M.D., who was a provider under Defendant's plan, to only provide accurate information to their members and other providers about Plaintiff.

111.    Defendant breached its duty by:

a)  Negligently and recklessly misidentifying Plaintiff as a dentist with a different middle initial, from a different city, who was sanctioned as far back as 2003.

b)  Failing to cross reference and verify Plaintiff's Social Security number or EIN number to determine whether Plaintiff was in fact sanctioned or excluded from Medicare.

c) Providing false and inaccurate information about Plaintiff to third parties, including patients, pharmacies, and colleagues.

d) Failing to verify whether Plaintiff was in fact sanctioned or otherwise excluded from Medicare coverage and/or federal health care programs.

e) Failing to reasonably investigate or take reasonable action once Defendant became notified that such information was inaccurate.

f) Failing to have in place adequate policies and procedures pertaining to the disclosure of sanctioned physicians and remedying inaccurate disclosures.

g) Failing to ensure the information received by their vendors of choice who conducted background information on their member providers was accurate.

As a result of Defendant's breaches, Defendant proximately caused injury to Plaintiff.

WHEREFORE, this Plaintiff prays this Court to enter judgment against Defendant for general and special damages, compensatory damages, interest, and costs, and such other relief as this Court deems just and proper. Plaintiff intends to seek leave to amend the complaint to seek punitive damages pursuant to section 768.72, Florida Statutes.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 21ᵗʰ day of ___October___, 2014.

JODY M. VALDES, ESQ.
Florida Bar No. 0506291
JESSICA DARENEAU, ESQ.
Florida Bar No. 037395
Weekley Schulte Valdes, L.L.C.
1635 North Tampa Street, Suite 100
Tampa, Florida 33602
(813) 221-1154 – Telephone
(813) 221-1155 – Facsimile
Attorneys for Plaintiff

*Fax to - 813-886-0508*

```
*************************************************************************
* RPh ER   Tech          Rx On-Line Edit              Login: ER     *
*************************************************************************
Patient                        Phone                      Rx # 533285
                               DOB
  Doctor LOPEZ MD, JOSE IGNACIO    Phone               DEA BL-7469326
                                                     SN ME0082816
    Drug*TOLTERODINE TART ER 4 MG CA   Onhand 0   Last Qty 30   On 05/07/14
NDC 00093-2049-56 GENERIC PS 30.00   Unit Dose? N
P   A                                USE SAFETY CAP

REJECT CODES AND MESSAGES
 569 Provide Beneficiary with CMS Notice of Appeal Rights.
 A1  ID Submitted is associated with a Sanctioned Prescriber (Field 411).

PLAN INFORMATION
    Name AARP PART D 9999  Phone (800) 788-7871
    BIN 610097    Processor 9999       Help Desk

PATIENT INFORMATION
    ID1 0097053581          ID2 01   ID3 PDPIND            REL: I

PHARMACY INFORMATION
    R & H PHARMACY                 Phone (813) 988-1985   Fax (813) 988-1987

ADDITIONAL MESSAGES
Provide Exception Process Printed Notice MD NOT COVERED - SANCTIONED
PRESCRIBER ID Submitted is assoc to Sanction Presc. (Authorization
141273552366019994).

Rx Fill Date: 05/07/2014  Day Supply: 30
```

R & H Pharmacy
8890 N. 56th Street
Temple Terrace, FL 33617
Phone: (813) 988-1985
Fax: (813) 988-1987

EXHIBIT
A

**AARP MedicareRx Plans**
insured through UnitedHealthcare

UnitedHealthcare
2300 Main Street
Mail Stop: CA-134-1000
IRVINE, CA 92614

May 7, 2014

Important plan information.

Thank you for being a member of AARP® MedicareRx Preferred (PDP). We are pleased to provide you your Medicare prescription drug coverage.

This letter is to inform you that we can no longer cover prescription medications effective 10/20/2003 that are prescribed by JOSE I LOPEZ. This includes new prescriptions, as well as any refills left on the prescription(s) you are currently taking.

AARP MedicareRx Preferred cannot cover medications prescribed by JOSE I LOPEZ because he/she has been excluded from participation in all federal health care programs as of 10/20/2003, including the Medicare program, by the U.S. Department of Health and Human Services' Office of Inspector General (OIG). Medicare plans are prohibited from making payment for prescriptions written or dispensed by excluded providers. For more information about excluded providers, you may visit the OIG's website at http://oig.hhs.gov/fraud/exclusions.asp.

We want to thank you for being a member of our health plans and look forward to giving you exceptional care and service in the future.

If you have questions or need assistance finding another provider in your area who can prescribe your medications, please call the UnitedHealthcare Customer Service UnitedHealthcare Customer Service, 8 a.m.–8 p.m. local time, 7 days a week.

Sincerely,

UnitedHealthcare

PDPEX3355616_000
Last Updated 9/29/2013

Y0066_121025_112338   CMS Approved



EXHIBIT
B



PAUL M. WEEKLEY
CHRISTOPHER J. SCHULTE
JODY M. VALDES
J. TRAVIS GODWIN

**WEEKLEY | SCHULTE | VALDES**

ATTORNEYS AT LAW

JESSICA D. DARENEAU
JEREMY R. GRINER
MEGAN B. MAZZONE
MARSHALL D. SCHAAP
A.S. "GUS" WEEKLEY, JR., M.D.

May 23, 2014

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Mr. Willie McCallister
United Health Group/United Health Care
P.O. Box 1459
Minneapolis, MN  55440-1459

United Health Group/United Health Care
9900 Bren Road East
Minnetonka, MN  55343

United Health Group/United Health Care
2300 Main Street
Irvine, CA  92614

      Re:    Lopez vs. United Health Group/United Health Care

Dear Mr. McCallister/United Health Group/United Health Care:

      As you know, I represent Jose I. Lopez, M.D. concerning letters being mailed to his patients that appear to be blatantly false on its face. For several months my client has attempted to contact United Health Care regarding this obvious mistake. Enclosed is a letter directed to one of Dr. Lopez's patients by United Health Care. Contained therein are several false statements not only harming Dr. Lopez's reputation as a physician, but also harming his business practice and livelihood.

      The false information contained therein could have easily been discovered to be false by simply cross-referencing and verifying his Social Security Number or EIN Number to the name, as there are several Jose Lopez' practicing medicine in the State of Florida. Not only does the letter contain false information, the letter then directs the patient to visit the OIG's website, which again discloses false information concerning Dr. Lopez.

      Please accept this as a cease and desist sending out similar letters to Dr. Lopez's patients. We request at this time that you immediately send out letters correcting the mistake and disclosing the fact that United Health Care sent out inaccurate information to Dr. Lopez's patients.

      I request that you also give me a call to discuss the above.

Very truly yours,

Jody M. Valdes

JMV/vh
enclosure
cc:    Jose I. Lopez, M.D.

**EXHIBIT**

C