**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSE I. LOPEZ, M.D. and JOSE
IGNACIO LOPEZ, M.D., P.A.

    Plaintiffs,

v.                                           Case No: 8:14-cv-2925-T-30AEP

UNITEDHEALTH GROUP, INC. and
OPTUMRX, INC.,

    Defendants.
_____

## **ORDER**

THIS CAUSE comes before the Court upon the Defendants United Health Group, Inc. and OptumRx, Inc.'s Motion to Compel Arbitration (Dkt. #7), Plaintiffs' Response in Opposition to the Motion (Dkt. #17), and Defendants' Reply to Plaintiffs' Response (Dkt. # 20). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

### *Background*

Plaintiff, Dr. Jose I. Lopez executed a Physician Contract with non-party United Healthcare Insurance Company ("UHIC") on behalf of himself and his medical practice Jose Ignacio Lopez, M.D., P.A. Under the Physician's Contract, Plaintiffs provided medical services to the individual members of UHIC's health plans, and UHIC paid Plaintiffs for those services.

At some point, Dr. Lopez's patients received letters from "United Healthcare" asserting that Medicare sanctioned him and that his prescriptions would not be honored. When patients called the number provided on the letters to get more information, the representatives of "United Healthcare" confirmed that the information was accurate. Plaintiffs allege that in fact, someone bearing the name "Jose A. Lopez" was sanctioned, and that the letters involved a case of mistaken identity. Despite his various efforts to correct this mistake, Dr. Lopez could not resolve the issue and this lawsuit ensued.

Plaintiffs filed this action against Defendants "United HealthCare Corp.," OptumRx, Inc. ("OptumRx") and United Health Group, Inc. ("UHG"). The allegations state that "United HealthCare Corp." and OptumRx are subsidiaries of UHG. Dr. Lopez alleges that he was a member of "United HealthCare Corp." from 2004 through December 31, 2013. "United HealthCare Corp." discontinued his participation in their network, effective January 1, 2014. On information and belief, Plaintiffs attribute the discontinuation of the Physician's Contract to the mistaken belief that Medicare sanctioned Dr. Lopez.

Plaintiffs allege in the first 36 paragraphs that the Defendants collectively engaged in sending these letters. The complaint then alleges defamation, libel, and slander and negligence against all of the Defendants in individual counts, but incorporates the first 36 paragraphs into each count. Throughout the complaint, Plaintiffs collectively refer to the "Defendants" as having made the defamatory statements regarding his medical license and refusing to cooperate to correct the error.

Defendants OptumRx and UHG filed this Motion to Compel Arbitration based on the arbitration provision in the Physicians Contract. Although UHIC is not a named party

to the lawsuit, Defendants argue that it is clear from the allegations in the complaint that Plaintiffs improperly named UHIC as "United HealthCare Corp." Therefore, although they are not signatories to the Physician's Contract, the Defendants nonetheless can compel arbitration because Plaintiffs refer to and rely on the Physicians Contract and allege concerted misconduct between them and UHIC. After Defendants filed this Motion, Plaintiffs dropped "United HealthCare Corp." as a party, and has not named UHIC.

*Discussion*

### I. Legal Standard

It is well established that federal law strongly favors the arbitration of disputes and requires that federal courts rigorously enforce arbitration agreements. *See United States Fid. & Guar. Co. v. West Point Constr. Co., Inc.*, 837 F.2d 1507, 1508 (11th Cir. 1988). "[A]rbitration is a matter of contract [and] the [Federal Arbitration Act's] strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011) (internal citations omitted).

There are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitration has been waived. *Cuningham Hamilton Quiter, P.A.*, 776 So. 2d 940, 942 (Fla. 3d DCA 2000). Florida law recognizes that non-signatories can compel signatories to arbitration based on the equitable estoppel doctrine. *Id.* at 942.

## I. The Arbitration Agreement

The parties to the Physician's Contract are "UnitedHealthcare Insurance Company," "UnitedHealthcare of Florida, Inc. and its other affiliates for certain products and services" and Dr. Jose I. Lopez, M.D. The arbitration provision states as follows:

> If one of us does not agree with **an action taken by the other**, we will both follow the dispute procedures set out in our Administrative Guide. If a decision reached as part of those procedures is still not satisfactory to one of us, **the dispute will be submitted to binding arbitration in accordance with the Commercial Dispute Procedures** of the American Arbitration Association, as they may be amended from time to time (see http://www.adr.org). The arbitrator will not vary the terms of this agreement and will be bound by governing law. The arbitrator will not have the authority to award punitive or exemplary damages against either of us, except in connection with a statutory claim that explicitly provides for such relief.

(Emphasis added). The parties dispute whether the arbitrator or the Court may decide the gateway matter of arbitrability. The Supreme Court has recently reaffirmed that the question "whether the parties have a valid arbitration agreement at all" is for the court, not the arbitrator, to decide. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452, 123 S.Ct. 2402, 2407, 156 L.Ed.2d 414 (2003) (plurality opinion). However when there is "clear and unmistakable evidence" that the parties intended the arbitrator to rule on the validity of the arbitration agreement itself, the Court will compel arbitration. *Terminix Intern. Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331-32 (11th Cir. 2005).

In *Terminix,* the court found that the parties clearly and unmistakably evidenced their intention to have arbitrability determined by the arbitrator by incorporating the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), which mandate that the arbitrator will determine his own jurisdiction. *Id.* at 1332 (quoting AAA

Rule 8(a), now 7(a), which states that "the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement….").

It is clear in this case, that Dr. Lopez and UHIC agreed to arbitrate all disputes and that they would submit the threshold determination regarding arbitrability to the arbitrator. However, a signatory's agreement to arbitrate the issue of arbitrability does not mean that it must arbitrate with any non-signatory. *Gunson v. BMO Harris Bank, N.A.*, 13-62321-CIV, 2014 WL 4472725, at *4 (S.D. Fla. Sept. 10, 2014) ("In order to decide whether arbitration of arbitrability is appropriate, a court must first determine whether the parties have a sufficient relationship to each other and to the rights created under the agreement."). *See also Oehme, van Sweden & Assocs., Inc. v. Maypaul Trading & Servs.*, 902 F.Supp. 2d 87, 97 (D.D.C.2012) ("A signatory to a contract [incorporating the AAA Rules] has clearly and unmistakably agreed to its terms, but that is not necessarily true of a nonsignatory."). UHG and OptumRx argue that they can enforce all aspects of the arbitration provision under the doctrine of equitable estoppel.

    **II.    Equitable Estoppel**

Equitable estoppel permits a non-signatory to enforce the provisions of a contract against a signatory in two specific circumstances. *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). First, it applies when the signatory to the contract relies on the terms of the contract to assert his or her claims against the non-signatory; meaning that the signatory's claim against a non-signatory "makes reference to" or "presumes the existence of" the agreement. *MS Dealer Serv. Corp.*, 177 F.3d at 947; *Armas v. Prudential*

5

*Sec., Inc.*, 842 So. 2d 210, 212 (Fla. 3d DCA 2003). Second, it applies when the signatory raises allegations of concerted misconduct by both the non-signatory and one or more of the signatories to the contract. *See Bailey v. ERG Enter.,* 705 F.3d 1311, 1321 (11th Cir. 2013) (citing *MS Dealer Serv. Corp.*, 177 F.3d at 947); *Marcus v. Fla. Bagels, LLC*, 112 So.3d 631, 633–34 (Fla. 4th DCA 2013). Defendants assert that both circumstances exist here.

### a. Reliance on the Physician's Contract

Defendants argue that Plaintiffs rely on the Physician Contract to make out their claims against them since they allege "exhaustion of administrative remedies." Because the source of any "administrative remedies" is UHIC's Administrative Guide, this allegation therefore makes reference to, or presumes the existence of, the Physician's Contract. However, this allegation regarding administrative remedies is not essential to any of Plaintiffs' claims.

Plaintiffs' success on their defamation, libel and slander claims do not rely on any contractual obligation. *See King Motor Co. of Fort Lauderdale v. Jones*, 901 So. 2d 1017 (Fla. 4th DCA 2005) (holding that customer's tort action alleging breached duty to keep customers' confidential and financial information safe against automobile dealership, did not fall within arbitration agreement because claims did not implicate contractual duties but rather concerned duties generally owed to the public.) *See also Seifert v. U.S. Home Corp.,* 750 So. 2d 633, 638 (Fla. 1999) ("the mere fact that the dispute would not have arisen but for the existence of the contract and consequent relationship between the parties

is insufficient by itself to transform a dispute into one 'arising out of or relating to' the agreement.").

### b. Concerted Misconduct

When a plaintiff alleges concerted conduct between signatories and non-signatories, the Court may compel the signatory to arbitration. *See Kolsky v. Jackson Square, LLC*, 28 So. 3d 965, 969 (Fla. 3d DCA 2010) (holding that non-signatories could compel arbitration where plaintiff alleged conspiracy and claims rose out of allegations of concerted misconduct between non-signatories and signatories); *Lash & Goldberg LLP v. Clarke*, 88 So. 3d 426, 427-28 (Fla. 4th DCA 2012) (estopping plaintiff from refusing to arbitrate claims against non-signatories where plaintiff attempted to "spin the… count as involving only her independent attorney-client relationship with the [non-signatory]").

Defendants argue that Plaintiffs' complaint alleges concerted misconduct between them and UHIC. As explained above, Plaintiffs alleged that Dr. Lopez had a contract with "United HealthCare Corp." since 2004. Clearly, Plaintiff was attempting to name UHIC as a defendant. The letters which include the allegedly defamatory statements carry the name of "United HealthCare" as the sender and it bears the same address as that associated with OptumRx. The claims are based on concerted misconduct by UHG, OptumRx and UHIC.

Plaintiff's arguments against arbitration are unavailing. Although Plaintiffs have dropped "United Healthcare Corp." as a party, the Court may still compel the parties to arbitration. *Accord Morselife Foundation, Inc. v. Merrill Lynch Bank & Trust, Co.*, No. 09–81143, 2010 WL 2889932 at *3–4 (S.D.Fla. July 21, 2010) (pointing out that plaintiff engaged in "tactical ploy" to avoid agreement to arbitrate "all controversies" by dropping

7

signatory defendants and holding that because none of plaintiffs claims against defendant could be considered without considering the misconduct of the other signatory, equitable estoppel was appropriate); *see also Gunson*, 2014 WL 4472725 at *7 ("Florida state law does not appear to mandate the naming of the signatory as a defendant in order to apply the concerted misconduct test.") (citing *Heller v. Blue Aerospace, LLC*, 112 So.3d 635 (Fla. 4th DCA 2013) (compelling claims against non-signatory defendant to arbitration where claims against signatory were already in arbitration)).

## *Conclusion*

The Court concludes that UHG and OptumRx may compel the dispute to arbitration. It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants United Health Group, Inc. and OptumRx's Motion to Compel Arbitration (Dkt. #7) is GRANTED.
2. This case is abated pending arbitration.
3. All pending motions are denied as moot and the Clerk of Court is directed to administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of December, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
S:\Odd\2014\14-cv-2925 arbitration 7.docx