**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSE I. LOPEZ, M.D. and JOSE
IGNACIO LOPEZ, M.D., P.A.,

      Plaintiffs,

v.                                                                     CASE NO:  8:14-cv-2925-T-30AEP

UNITEDHEALTH GROUP, INC.
and OPTUMRX, Inc.,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion for Reconsideration or, Alternatively, for Clarification of its Order Compelling Arbitration (Dkt. 24), filed under Federal Rules of Civil Procedure 59(e) and 60(b)(1)(6), and Defendants' Response in opposition to the same (Dkt. 25). The Court, having considered the motion, supporting memorandum, and response, and being otherwise advised in the matter, determines that the motion for reconsideration should be denied and the motion for clarification should be granted.

On December 30, 2014, the Court granted Defendants' motion to compel arbitration because when a plaintiff alleges concerted misconduct between signatories and non-signatories, the Court may compel the signatory to arbitration (Dkt. 21). *See Kolsky v. Jackson Square*, LLC, 28 So. 3d 965, 969 (Fla. 3d DCA 2010); *Lash & Goldberg LLP v. Clarke*, 88 So. 3d 426, 427-28 (Fla. 4th DCA 2012). Plaintiff requests the Court to

reconsider its order on the basis that it alleged no concerted misconduct between the signatory to the arbitration agreement (United Healthcare Insurance Company ("UHIC")) and the non-signatory defendants (United Health Group, Inc. and OptumRx, Inc.). In the alternative, Petitioner asks the Court to clarify whether its decision was final or interlocutory in nature.

### I. Motion for Reconsideration

"The purpose for a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice." *McCreary v. Brevard Cnty., Fla.,* No. 6:09-cv-1394-Orl-19DAB, 2010 WL 2836709, at * 1 (M.D. Fla. July 19, 2010). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F.Supp. 2d 1353, 1359 (M.D. Fla. 2012) (quoting *Lamar Advertising of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 490 (M.D. Fla. 1999)); *see also Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (stating that a Rule 59(e) motion cannot be used to relitigate old matters).

Plaintiff's motion for reconsideration seeks to re-litigate issues already considered and rejected by the Court in its previous Order: the Court already determined that arbitration was required because the underlying claims involved concerted misconduct between UHIC and Defendants. Plaintiff makes no new arguments and raises no new facts that are proper grounds for reconsideration.

## II. Motion for Clarification

The Court grants clarification of its December 30, 2014 Order. In that Order, the Court compelled arbitration, denied all pending motions as moot, and administratively closed the case with no indication that it contemplated any future court action (Dkt. 21). These actions collectively indicated that the Court's decision was final and therefore appealable. *See Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243-44 (11th Cir. 2014) ("When the district court compels arbitration and disposes of all pending motions, it leaves the court with nothing more to decide, and it effectively and functionally has issued a decision that ends the litigation on the merits."); *Montero v. Carnival Corp.*, 523 F. App'x. 623, 625 (11th Cir. 2013).

Plaintiffs are concerned that the Court's decision is not final for purposes of appeal because, in addition to administratively closing the case, the Court abated the case pending arbitration. These two actions run in tandem with one another and do not conflict with the finality of the Court's decision. *See Martinez*, 744 F.3d at 1244 (holding that order compelling arbitration was final although the court administratively closed the case rather than dismissing it). By closing the case, the Court left all further merits determinations to the arbitrator, meanwhile allowing itself to reactivate the case if the need arises. *See Fla. Ass'n for Retarted Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) (expressing that administratively closing a case does not prevent a court from reactivating it). The Court's recognition that the case may need to be re-opened has no bearing on the finality of its order. *See Martinez* 744 F.3d at 1244. Similarly, the Court abated the case in

recognition of the fact that it may be potentially re-opened depending on how the arbitrator determines the issue of arbitrability.

To conclude, the "focus is not on the district court's label, but rather, on the effect of the district court's order" when determining finality. *Martinez*, 744 F.3d at 1244. That the Court abated the case does not alter the effect of its Order. The order compelling arbitration is a final and therefore appealable decision.

It is therefore ORDERED AND ADJUDGED that Plaintiffs' Motion for Reconsideration or Alternatively for Clarification of its Order Compelling Arbitration (Dkt. 24) is hereby **GRANTED in part and DENIED in part**.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of February, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2925 reconsider 24.docx